EMERY, J., did not sit.

———— • • ————

EMMA L. MITCHELL *vs.* INHABITANTS OF ALBION.

Penobscot.   Opinion April 15, 1889.

*Promissory note.   Town order.   Payment.   Exceptions.   Practice.*

A promissory note, or order, payable to a particular person, which has been paid by one whose duty it was to make payment, is no longer a valid contract.

In such case it has lost its vitality, and can not again become a valid security.

ON MOTION AND EXCEPTIONS.

This was an action of assumpsit to recover the amount of a town order for $56.00, dated February 18, 1881, payable to Mary Etta Bradstreet, or bearer; it being for teaching school in District No. 10, in the town of Albion, and indorsed, "April 19, 1881. James Whittaker, Treasurer, Albion."

The writ contained the common money counts, and two special counts upon the order.

Defense, general issue and brief statement that the order, which was signed by only two of three selectmen of the town, was not legally executed by the proper officers of the town; that no consideration was ever received by the town from the plaintiff or her assignors, on account of the order; that it had been materially altered since it was issued to the payee; and that the order, in its original form, was once paid by the treasurer of the town, and subsequently put in circulation by fraud or mistake, and without consideration to defendants.

The plaintiff introduced evidence showing the origin of the order, and its purchase by her, for value, from a subsequent holder who obtained it of one Webb who appears to have had it of the town treasurer several weeks after its acceptance; also the records of the town, and town reports for the several years from 1881 to 1885, by which it would appear, as she contended, that the treasurer had never turned it in to the town in the settlement of his account, and that it had remained as an outstanding town debt.

The defense called Edwin York, who testified "I was school agent for District No. 10, in Albion, for a part of the year 1881. Mary Etta Bradstreet taught school in that district. At the close of the school, I obtained an order for her pay; I obtained the order from Amasa H. Hammond (order produced),—that is the order. Mr. Littlefield was not there when I took the order; his name was not there when I took it. Subsequently I paid Miss Bradstreet and took the order. Mr. Littlefield did not sign the order while I had it. I did not keep it over three weeks. I took it to Mr. Whittaker, our town treasurer, and he paid the money on it; and the subsequent history of it I don't know anything about. I knew it was inquired for considerably throughout the

town. They inquired of me about it; but I knew nothing about it, after I let Mr. Whittaker have it."

The presiding justice then stated that if the plaintiff could not disprove this testimony, a verdict for the defendants would be directed, and the plaintiff allowed exceptions.

The plaintiff offered to show that the order was paid out again, or that the money obtained for the order issued by the treasurer, was to pay the selectmen the year before, on account of their salaries. The case was submitted to the jury upon the following charge :—

"The plaintiff sues to recover $56.00 from the town of Albion, and to prove her suit has read in evidence a town order, No. 104, payable to Mary Etta Bradstreet, or bearer.

It is agreed by the parties that Mr. Edwin York was the school agent for the district where the payee taught school; that he paid Mary Etta Bradstreet, and received from the chairman of the selectmen this order, which thereafterwards, within a period of a few weeks, he presented to Mr. Whittaker, the town treasurer, for payment; and thereupon the town treasurer paid the order. Now the plaintiff offers to prove, that after Mr. Whittaker paid the order, he negotiated it in payment of services of the selectmen for the year before; and I instruct you that, that would be no answer to the defense set up by the town; and even if these facts should be proved, they would not avail the plaintiff, and she could not recover on the order."

The verdict was for the defendants, and the plaintiff excepted to the ruling and charge.

Besides the general motion to set aside the verdict, as against law and evidence, the plaintiff also filed a motion for leave to amend her writ, by adding a new count on account annexed; and for leave to file an assignment from Hammond and Littlefield of the claim due to them from defendants, for their services as selectmen for the year 1880–81, which bills or claims were paid, in part, (as alleged in the motion) by the money paid for the order, in suit.

*H. L. Mitchell*, for plaintiff.

Plaintiff should have been allowed to show that the town treas-

urer, having no town's money on hand, cashed the order with his own funds; and afterwards procured money on the order for the town with which to pay salaries of selectmen. The order made out a *prima facie* case, and its impeachment should come from the defense. Dillon Mun. Corp. § 502, (old 410); *Treat* v. *Orono*, 26 Maine, 217; *Emery* v. *Mariaville*, 56 Id. 315.

Jury should have passed on the testimony, offered by plaintiff, without the presiding justice expressing his opinion as to what the verdict should be. R. S., c. 82, § 83. The presiding justice erred in his charge when he said "it is agreed by the parties, etc." York's testimony, if true, does not show that the order was paid by the town's money, or that the treasurer so intended. His name upon the order shows he did not so intend; town could not claim it had been paid until it had been allowed in settlement of his account. Whittaker had none of town's money then; had the right to cash it with his own money, hold it as his own, or pass it to another for value. It would remain a valid order against the town, until charged in the treasurer's account and allowed him, on settlement. *Willey* v. *Greenfield*, 30 Maine, 452.

It is not a town payment, until two things concur, actual payment, and credit to treasurer therefor,—especially so, where there is no particular pile of money that constitutes the treasury. Payment thus made, is an individual matter, requiring a crediting to make it a town transaction. No evidence that Whittaker obtained credit for it prior to time plaintiff became owner.

Whittaker's indorsement an official act; guaranty that the order was regular and valid promise of town to pay when in funds.

Rights of treasurer in unpaid vouchers: *Canal Bank* v. *Supervisors, etc.*, 5 Denio, 525.

The ruling of the presiding justice prevented the plaintiff from showing a state of facts, by which defendants were estopped from denying their liability, and bringing her case within the principle of *Lincoln* v. *Stockton*, 75 Maine, 141, 146, and cases there cited.

Plaintiff, as assignee of the order, can maintain her action under the money counts. R. S., c. 82, § 130; *Wood* v. *Decoster*, 66 Maine, 542; *Ware* v. *R. R. Co.*, 69 Id. 97. Courts of law will

protect equitable interests of assignees. *Pollard* v. *Ins. Co.*, 42 Maine, 221, 225; *Bank* v. *McLoon*, 73 Id. 498.

Order was accepted the day before Hammond & Littlefield were paid. See their receipt dated April 20, 1881. Plaintiff can recover the money, received by town on the order to pay these parties, under the count for money had and received. *Bank* v. *Stockton*, 72 Maine, 522, and cases there cited.

*Barker, Vose and Barker*, for defendants.

Plaintiff, having admitted through her counsel, that she was unable to disprove or controvert the payment of the order, a verdict for defendants was rightfully ordered.

After its payment, order ceased to be negotiable. *Ballard* v. *Greenbush*, 24 Maine, 336; *Pray* v. *Maine*, 7 Cush. 253; *Chapman* v. *Collins*, 12 Cush. 163.

Plaintiff's request to be allowed to show that the money, paid on the order by previous holder, from whom it came to her through several parties, was paid to Whittaker,—the treasurer—and by him used to pay a town debt,—thus laying the foundation for recovery under money counts—was rightfully refused. The treasurer could not bind the town in any such way. *Bank* v. *South Hadley*, 128 Mass. 503; *Otis* v. *Stockton*, 76 Maine, 506.

Plaintiff's money not used to pay a town debt. She bought of her brother who had it of another party; and no attempt was made to trace it back to Whittaker. No one but the original party, who paid it, can maintain an action for money had and received. Non-negotiable claims must be assigned in writing.

FOSTER, J. The plaintiff seeks to recover of the defendants upon a town order which she claims came into her hands in the due course of business. It was drawn by the municipal officers upon the town treasurer in payment for services rendered by the payee in teaching school.

The defense, as shown by the evidence which is reported and made a part of the case, is that the payee of the order passed it to the district agent receiving the money upon it from him, and that he within a few weeks presented it to the town treasurer for payment who thereupon paid the order.

The plaintiff then offered to prove that after the treasurer paid the order he negotiated it in payment of services of the selectmen for the previous year; the court instructed the jury that if these facts should be proved the plaintiff could not recover; and directed a verdict for the defendants.

The evidence has been reported in order that we may understand its bearing upon the pertinency and propriety of the instructions given. These instructions present no valid ground for exceptions.

It is a principle well established that a promissory note, or order, made payable to a particular person, which has been paid by one whose duty it was to make payment, with no right to repayment from another party, is no longer a valid contract. In such case it has lost its vitality and can not again become a valid security. *Ballard* v. *Greenbush*, 24 Maine, 336; *Mead* v. *Small*, 2 Maine, 207; *Bryant* v. *Ritterbush*, 2 N. H. 212; *Davis* v. *Stevens*, 10 N. H. 188; *Hopkins* v. *Farwell*, 32 N. H. 425; *Pray* v. *Maine*, 7 Cush. 253.

The only questions open for consideration in this court are those presented by the bill of exceptions, (*Withee* v. *Brooks*, 65 Maine, 14) and that relates entirely to the instructions given by the court to the jury. The presiding justice stated the issue between the parties to the jury, and the facts offered to be proved. If there was error in such statement, he should have been informed before the jury retired, in order that he might correct any misstatement,—otherwise it will be taken to be correct in matters of fact. Moreover, upon a most careful examination of the evidence we are satisfied of the correctness of the statement of what was offered to be proved. Upon this the instructions of the court were correct, and it was therefore within the province of the presiding justice to direct a verdict for the defendants. It is a rule long settled that where a party, having the burden of proof upon an issue which is necessary to the maintenance of an action, or to the defense of a *prima facie* case, introduces no evidence which if true, allowing it all its probative force, will authorize the jury to find in his favor, the judge may direct a verdict against him. *Heath* v. *Jaquith*, 68 Maine, 433, 436, and cases there cited.

The evidence offered to be proved would not have supported a verdict for the plaintiff had it been introduced.

*Motion and exceptions overruled.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.